UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARINA CONERLY,

    Plaintiff,

    v.

SUPERIOR COURT OF CALIFORNIA, et al.,

    Defendants.

No. 2:20-cv-0362-KJM-KJN PS

ORDER

(ECF No. 6)

On February 18, Plaintiff filed a Complaint, paid the filing fee, and also filed a motion to proceed in forma pauperis (IFP).[1] (ECF Nos. 1, 2). On February 21, Plaintiff filed a motion to appoint counsel. (ECF No. 6.)

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to a plaintiff, the court must consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. "The plaintiff has the burden of proof and must meet all three factors." Reddy v. Precyse Sols. LLC, 2013 WL 2603413, at *1 (E.D. Cal. June 11, 2013) (citing Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir.1992)). Appointment of counsel

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) and Local Rule 302(c)(21).

1

is not a matter of right.  See Ivey v. Bd. of Regents, 673 F. 2d 266 (9th Cir. 1982).  Moreover, "counsel may be designated under section 1915(d) only in 'exceptional circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up).

      Plaintiff asserts that two submitted declarations satisfy the first two Bradshaw factors. (See ECF No. 6.)  She claims her application for IFP status satisfies a finding of indigency, and claims her declaration as to her efforts to obtain an attorney satisfies the 'efforts' factor.[2] Regardless of these factors, the Court declines to appoint counsel based on the third Bradshaw factor.  Plaintiff asserts in a conclusory manner that she will prevail in her claims against the Superior Court system and its personnel for alleged civil rights violations in connection with a state-court proceeding.  (See ECF No. 1.)  Without deciding whether her claims are viable, it is too soon in the litigation to tell whether Plaintiff can succeed on the merits.

      Further, the Court sees no "exceptional circumstance" that would warrant counsel to be appointed.  The "exceptional circumstances" standard is met through evaluation of the likelihood of success on the merits and the ability of plaintiffs to articulate their claims in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331 (quoting Weygtandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court sees no complex issues currently active.  This case is still in its initial phase, as Plaintiff appears to have served Defendants with process just recently, none of whom have answered.  The Court therefore does not find this matter to be so complex as to warrant the appointment of counsel.

      Accordingly, it is HEREBY ORDERED that Plaintiff's motion to appoint counsel (ECF No. 6) is DENIED.  Further, because the filing fee has been satisfied, Plaintiff's motion to proceed in forma pauperis is DENIED WITHOUT PREJUDICE as MOOT.  (ECF No. 2.)

Dated:  March 4, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cone.362

---

[2] However, the Court notes Plaintiff paid the filing fee, and has not granted her IFP request.

2