1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   CARINA CONERLY, et al. | No.  2:20-cv-362-KJM-KJN PS |
| 12            Plaintiffs, | FINDINGS AND RECOMMENDATIONS; ASSOCIATED ORDER |
| 13        v. | (ECF No. 1, 10, 15) |
| 14   SUPERIOR COURT OF CALIFORNIA, et al., | |
| 15            Defendants. | |
| 16 | |

17        Plaintiffs filed this case on February 18, 2020, and paid the filing fee.  (ECF No. 1.)

18   Three days later, plaintiffs filed a motion to appoint counsel.  (ECF No. 6.)  On March 4, the

19   court denied this request, and two days later plaintiffs moved for reconsideration.[1]  (ECF Nos. 9,

20   10.)

21        The court has reviewed plaintiffs' request, and finds no good cause for reconsideration.

22   More importantly, however, a review of plaintiffs' allegations and claims asserted demonstrates

23   that the court has no subject matter jurisdiction to hear this case.  Thus, the undersigned

24   recommends this case be dismissed with prejudice.

25   _____

26   [1] Additionally, the court's docket indicates that plaintiffs filed executions of summons on
     February 21, 2020.  On March 12, plaintiffs requested an entry of default, but the Clerk of the
27   Court declined because the executed summons did not "specifically indicate that Defendants were
     properly served."  (ECF Nos. 13, 14.)  Plaintiffs have requested the Clerk reconsider this decision
28   as well.  (ECF No. 15.)

                                                1

1    **Legal Standard**

2         A federal Court has an independent duty to assess whether federal subject matter

3    jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

4    Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); Rains v. Criterion Sys., Inc., 80 F.3d

5    339, 342 (9th Cir. 1996).  The Court must, on its own action, dismiss the case if at any time it

6    determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

7         A federal district court generally has original jurisdiction over a civil action when: (1) a

8    federal question is presented in an action "arising under the Constitution, laws, or treaties of the

9    United States" or (2) there is complete diversity of citizenship and the amount in controversy

10   exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

11        However, federal courts do not have jurisdiction over claims where the defendant is

12   absolutely immune from suit.  See Franklin v. State of Or., State Welfare Division, 662 F.2d 1337

13   (9th Cir. 1981).  Further, federal courts lack subject matter jurisdiction to consider claims that are

14   "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

15   completely devoid of merit as not to involve a federal controversy."  Steel Co. v. Citizens for a

16   Better Environment, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted); Hagans v.

17   Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are

18   "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare,

19   LLC v. Thrower by & through Mills, 889 F.3d 543, 549–50 (9th Cir. 2018) (noting that the

20   "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1)

21   for lack of federal question jurisdiction) (citing Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th

22   Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter

23   jurisdiction.") (abrogated on other grounds)).

24        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

25   (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

26   that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

27   pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See

28   Murphy, 745 F.2d at 1230.

1

**Analysis**

2        Plaintiffs raise claims under the U.S. Constitution, for alleged violations of their 1st, 5th,

3 and 14th Amendment rights.  The vehicle by which a litigant brings a constitutional claim is 42

4 U.S.C. § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 417 (1976) ("Every person who acts

5 under color of state law to deprive another of a constitutional right shall be answerable to that

6 person in a suit for damages.")  Plaintiffs allege that three California Superior Court judges were

7 biased against plaintiff Carina Conerlyu in her various disputes with one Sharif Roldan Tarpin.

8 (ECF No. 1 at 3-4.)  Plaintiffs further allege Tarpin acted in concert with these judges.  As a

9 result, the Superior Court judges issued determinations adverse to plaintiffs' positions.  Even

10 treated liberally, the court has no subject matter over plaintiffs' claims.

11        First, state judges are absolutely immune from civil liability for damages for acts

12 performed in their judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553–55 (1967) (applying

13 judicial immunity to actions under 42 U.S.C. § 1983).  Judicial immunity constitutes an immunity

14 from suit, not just from an ultimate assessment of damages.  Mireles v. Waco, 502 U.S. 9, 11

15 (1991).  A judge is not deprived of immunity because she takes actions which are erroneous,

16 malicious, or in excess of his authority.  Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th Cir.

17 1999) ("The rationale for granting judges immunity from liability for even intentional and

18 malicious conduct while acting in their judicial capacity is that judges should be free to make

19 controversial decisions and act upon their convictions without fear of personal liability.").

20 "[J]udicial immunity is not overcome by allegations of bad faith or malice."  Mireles, 502 U.S. at

21 11.  There are two general circumstances where judicial immunity is overcome: (1) where a

22 judge's act is not a judicial action, and (2) when the judge acts in the clear absence of all

23 jurisdiction. Id. at 11-12; see also Hyland v. Wonder, 117 F.3d 405, 413 n. 1 (9th Cir.1997), as

24 amended 127 F.3d 1135 (9th Cir. 1997).  Neither of those circumstances apply here.  Because the

25 court has no jurisdiction to hear these claims, they should be dismissed.  See Franklin v. State of

26 Or., State Welfare Division, 662 F.2d at 1345 (affirming dismissal of Section 1983 claims where

27 some parties enjoyed absolute immunity from suit due to judicial-process protections).

28 ///

3

1    Further, the undersigned finds the associated "conspiracy" claim as between these

2    Superior Court judges and Tarpin to be conclusory and frivolous on their face.  See Dietrich v.

3    John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (noting that private individuals are not

4    liable under Section 1983 unless they meet one of four tests, and reminding that "a bare allegation

5    of such joint action will not overcome [dismissal.")  For this additional reason, the court

6    recommends dismissal.  See, e.g., Sameer v. Khera, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5,

7    2018) (dismissing as frivolous plaintiff's conspiracy claims as between her ex-husband and,

8    among others, two state court judges) (appeal dismissed, 2019 WL 7425404 (9th Cir. Aug. 27,

9    2019)); Garrett v. Muller, 2012 WL 1682585, at *1 (D. Or. May 11, 2012) (finding the allegation

10   of a conspiracy involving the military, FBI agents, the Catholic Church, public defenders, judges,

11   and the Secretary of Defense to take away plaintiff's child to be frivolous).

12       Finally, because no amount of amendment can save plaintiffs' claims, the court

13   recommends dismissal with prejudice.  Murphy, 745 F.2d at 1230.

14                                       **ORDER**

15   Because of the court's findings and recommendations, it is HEREBY ORDERED that:

16   1.  Plaintiffs' motions for reconsideration (ECF Nos. 10, 15) are DENIED AS MOOT;

17   2.  The status conference before the undersigned, currently set for a June 18, 2020 hearing

18       (see ECF No. 5), is VACATED; and

19   3.  All pleading, discovery, and motion practice in this action are stayed pending resolution of

20       these findings and recommendations.  Other than objections to the findings and

21       recommendations or non-frivolous motions for emergency relief, the court will not

22       entertain or respond to any pleadings or motions until the findings and recommendations

23       are resolved.

24                                 **RECOMMENDATIONS**

25   Accordingly, it is HEREBY RECOMMENDED that:

26   1.  Plaintiffs' Complaint (ECF No. 1) be DISMISSED WITH PREJUDICE;

27   2.  The Clerk of the Court be directed to CLOSE this case.

28       These findings and recommendations are submitted to the United States District Judge

                                              4

1   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

2   days after being served with these findings and recommendations, plaintiffs may file written

3   objections with the court and serve a copy on all parties.  Such a document should be captioned

4   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that

5   failure to file objections within the specified time may waive the right to appeal the District

6   Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

7   1153, 1156-57 (9th Cir. 1991).

8        IT IS SO ORDERED AND RECOMMENDED.

9   Dated:  April 28, 2020

10

11                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

12   cone.362

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5