1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Carina Conerly, et al.,                          No.  2:20-cv-00362-KJM-KJN

12                      Plaintiff,                      ORDER

13              v.

14    Superior Court of California, et al.,

15                      Defendants.

16

17              Plaintiff, proceeding pro se, filed this motion for reconsideration of the court's adoption of

18    the magistrate judge's findings and recommendations.  ECF No. 20.  Although plaintiff does not

19    identify the basis of his motion, the court construes this as a motion for relief from a judgment or

20    order under 59(e) because it was filed within the 28-day window required by Rule 59. Fed. R.

21    Civ. P. 59(e).  For the following reasons, plaintiff's motion for reconsideration is DENIED.

22              Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight

23    days of the entry of the judgment.  Although the Rule does not list specific grounds for such a

24    motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district

25    court is presented with newly discovered evidence, (2) the district court committed clear error or

26    made an initial decision that was manifestly unjust, or (3) there is an intervening change in

27    controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This court

28    has "wide discretion" when considering such a motion. *Turner v. Burlington N. Santa Fe R.R.*

                                                    1

1  *Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  The rule provides "an 'extraordinary remedy, to be

2  used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enters.,*

3  *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al.,

4  Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A party filing a motion for reconsideration

5  should not ask the court "to rethink what the Court has already thought through" simply because

6  of a disagreement with the result of that thought process.  *Above the Belt, Inc. v. Mel Bohannan*

7  *Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

8          Here, plaintiff identifies no new facts, extraordinary circumstances, or other grounds to

9  justify relief from the court's prior order.  Plaintiff makes only seven one-line assertions, provides

10  no new evidence, nor any other ground to justify relief.  Plaintiff thus has not demonstrated a

11  reasonable ground for the court to reconsider its adoption of the magistrate judge's findings and

12  recommendations.

13          Plaintiff's request for a new judgment, ECF No. 20, is DENIED.

14          IT IS SO ORDERED.

15  DATED: November 30, 2020.

16  _____

17  CHIEF UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28